Atkinson, J.,
delivered the opinion of the court:
This action is based on alleged breaches of contract on the part of the United States in the construction of the north jetty at Aransas Pass, Texas.
The contract was authorized by the act of June 13, 1902 (32 Stat. L., 340), making appropriations for the construction, repair, and preservation of public works on rivers and harbors, which, among other things, provided:
“ Improvement Aransas Pass, Texas: Continuing improvement, $250,000: Provided, That the work at this harbor shall be confined to the completion of the north jetty in accordance with the design and specifications of the Aransas Pass *496 Harbor Company and in continuance of the work heretofore carried out on said jetty by said company and to such additional work as may be necessary for strengthening such jetty, and for the removal of such part of the old government jetty and any other hard material which may interfere with the formation of a channel by the natural action of the current.”
Under that act proposals were invited for continuing the improvements there mentioned, together with specifications applicable thereto, which specifications so far as material to this case are set forth in the petition and referred to in the findings. The claimant made a proposal to do the work contemplated; his bid was accepted, and on the 6th day of April, 1903, a contract was entered into between Capt. C. S. Biche, Corps of Engineers, U. S. Army, of the first part, and Henry Clay Bipley of the second part, which contract, together with the specifications made part thereof, are set forth in the petition.
The claimant contends that the specifications under which the work was done and to which he agreed were not the specifications provided for by said act — that is to say, that the specifications should have been “ according to the design and specifications of the Aransas Pass Harbor Company; ” but we deem it immaterial to consider this question, since the claimant consented to the contract made, and performed the work thereunder, and has been paid. No fraud or gross error is charged, and it is therefore too late for him to raise the objection as to the specifications being contrary to the specifications of the Aransas Pass Company, which he now raises.
The claimant sets forth sundry items of damage growing out of delays which, it is averred, were caused by the engineer officer of the defendants during the progress of the work. But upon a careful examination of the contract and the evidence thereunder, together with the method of doing the work, we fail to find any negligence on the part of the officers of the Government in what they did, either in rejecting stone or in requiring certain stone to be relaid, or otherwise. The specifications under which the work was done were substantially like the specifications of the Aransas Pass Harbor Company; though if not strictly so in detail, it is, as before stated, too late for the claimant to take advantage thereof, *497 be having agreed to perforin the work thereunder, which he did. We deem it unnecessary, therefore, to consider the items of damage in detail further than to say that none of them arose through the fault of the defendants, and for that reason no recovery can be had on any one of them; and the petition must therefore be dismissed.
Petition is dismissed. Judgment for the defendants.