Judgment was rendered for the defendants in an opinion which appears in 43 C. Cls. R., 490.
Subsequently on claimant’s motion for a new trial judgment was rendered for the claimant without an opinion.
On the appeal, the judgment was modified and affirmed and the Supreme Court decided:
“Where the powder of the Government over the contract is complete and its agent’s decision is conclusive, a corresponding duty exists that the agent’s judgment should be exercised reasonably and with due regard to the rights of both contracting parties; and in this case, as the Court of Claims has found that the agent’s decision was a gross mistake and in bad faith, the contractor is entitled to recover the damages actually sustained by him by reason thereof.
“ Where there is no provision in the contract for an appeal from the decision of the agent in charge the contractor does not have to appeal to a higher officer from the decision of the agent whose judgment and decision are expressly made final by the contract.
“ For the contractor to recover damages caused by an improper decision of the Government’s agent in charge, the burden is on him, and this court must base its decision on the record.
“ Where the contract provides that the decisions of the engineer in charge.are final, they are so in the absence of fraud, or gross mistake implying fraud; and in the absence of a finding to the effect that there was fraud, the contractor can not recover damages on the ground that such decisions were erroneous.”
Mr. Justice Lamar
delivered the opinion of the Supreme Court March 11, 1912.